## CIRCUIT COURT OF HENRICO COUNTY

William W. Johnson et al.

v.

Henrico County
Board of Supervisors et al.

February 5, 1990

Case No. CH89001072-00

By JUDGE JAMES E. KULP

This matter is before the Court upon plaintiffs' Motion for Declaratory Judgment relating to the method of appeal from a decision of the County Planning Commission. Argument was heard on February 2, 1990, and the Court issues this opinion.

The parties have agreed that the facts in this matter are not in dispute. For this reason, the Court will give only a brief recitation of the facts. The plaintiffs filed a Plan of Development (POD) with the Henrico County Planning Commission (Commission), which was approved on February 28, 1989. The Innsbrook Corporation filed an appeal of the Commission's decision with the Board of Supervisors pursuant to § 22-106.1(P) of the Henrico Code. On September 13, 1989, the Board of Supervisors reversed the decision of the Commission and rejected the POD as presented.

The plaintiffs have filed this action requesting the Court to declare the provisions of § 22-106.1(P) of the Henrico Code to be invalid. Plaintiffs' argument rests upon their assertion that Henrico Code § 22-106.1(P) is in conflict with the provisions of § 15.1-475 of the Code of Virginia and thus invalid. The pertinent portion of Section 15.1-475 relied upon by plaintiffs provides:

> If a local commission or other agent *disapproves* a plat and the subdivider contends that such *disapproval* was not properly based on the ordinance applicable thereto, or was arbitrary or capricious, he may appeal to the circuit court having jurisdiction of such land, and the court shall hear and determine the case as soon as may be, provided that his appeal is filed with the circuit court within sixty days of the written *disapproval* by such local commission or other agent. (emphasis added).

The plaintiffs contend that the quoted portion of Section 15.1-475 provides the only method of appeal from decisions of the Commission, and that appeal is to the Circuit Court not the Board of Supervisors. Plaintiffs' argument continues that the appeal to the Circuit Court must be filed within sixty days of the Commission's decision, and since that time period has passed, the Commission's decision must be upheld.

The Court finds that plaintiffs' argument fails for several reasons. First, the portion of § 15.1-475 relied upon by plaintiffs is not applicable to the facts of this case. In this case the Commission *approved* the POD, and by its very language, the portion of § 15.1-475 relied upon by plaintiffs applies to situations where the POD is *disapproved*.

The Court further finds that there is nothing in the Virginia Code which prohibits the County from enacting the appeal procedure utilized in this case. A county planning commission is authorized by § 15.1-437, and its duties include the supervision of its fiscal affairs and responsibilities, under rules and regulations as prescribed by the governing body. *See* § 15.1-444(c). Pursuant to the provisions of § 15.1-491, zoning ordinances may include provisions for the administration and enforcement of the zoning ordinance as well as for the submission and approval of the plan of development. *See* §§ 15.1-491(d) and (h).

Pursuant to this statutory authority, the Board of Supervisors has created a planning commission which is to *assist* the Board of Supervisors "in the administration

of the zoning ordinance and other matters affecting the growth and development of the county." *See* §§ 2-7 and 2-4 of the Henrico Code.

The plaintiffs urge upon the Court that by the provisions of § 2-6, the Board of Supervisors has vested final authority over PODs in the Commission. The language of Section 2-6 belies any such intent on the part of the Board of Supervisors. Section 2-6 appoints the Commission as the board's agent "for the initial review and conditional approval of the subdivision of land and the plat of such subdivision . . ." Such language is inconsistent with any theory of final authority resting with the Commission. Additionally, the Board of Supervisors' enactment of Section 22-106.1(P) manifests its clear intention to reserve to itself the final decision making authority in such matters. The reserving of final authority in the Board of Supervisors in such matters is consistent with the provisions of Section 15.1-474 which provides that the "governing body shall be responsible for administering and enforcing the provisions of such subdivision regulations, through its planning commission or otherwise."

While it would appear that the Board of Supervisors could delegate final authority of approving PODs to the Commission, *see* § 15.1-473(b), the Court finds that the Board of Supervisors has not done so. For the reasons set forth herein, the Court finds that the provisions of § 22-106.1(P) of the Henrico Code are valid. The Court will deny the relief sought by plaintiffs.